Leslie Burns (SBN 276687)
leslie@burnstheattorney.com
Burns the Attorney, Inc.
3305 Cedar St.
San Diego, CA 92102
(619) 246-4121 (telephone)
Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER S. KUNZ, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MCGUIRE TEAM, INC., a California Corporation,<br><br>and<br><br>LORETTA McGUIRE, an individual<br><br>　　　　Defendants. | CASE No.:<br><br><br>**COMPLAINT FOR DIRECT AND VICARIOUS WILLFUL COPYRIGHT INFRINGEMENT WITH DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Alexander S. Kunz ("Kunz"), who states his claims against the defendants, as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2.    This Court has personal jurisdiction over defendant McGuire Team, Inc. ("MTI") because its headquarters is in and it is doing business in this district.

3.    This Court has personal jurisdiction over defendant Loretta McGuire ("McGuire") by virtue of her residing and doing business in this district.

4.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

## THE PARTIES TO THIS COMPLAINT

5.    Kunz is a professional freelance photographer who lives in San Diego, California.

6.    According to the California Secretary of State's records, MTI is a California Corporation registered in California under entity number 3588644 and doing business at 30190 Town Center Drive, Suite D, Laguna Niguel, California 92677; further, it may be served through its registered agent, Kierra Wright, at the same address.

7.    According to California state records, Loretta (aka Lori) McGuire is the sole officer of MTI, acting as CEO, Secretary, and CFO; she may be served at the same address as MTI.

## OPERATIVE FACTS

8.    Kunz is a full-time, independent, professional photographer who creates photographs that artistically display landscapes and nature which he then licenses to others for use.

9.      On or about April 25, 2011, Kunz created, was the author of, and at all times owned the copyrights to photographs of the landscape around the Pacific Crest in the Laguna Mountains, California, including the photograph at issue here (Garnet-Peak-4541), shown below (the "Photo"):



10.     The Photo was first published on January 31, 2013, when Kunz posted it on his website, www.alex-kunz.com, and offered it for licensing.

11.     On April 22, 2013, Kunz re-published the Photo on his Fine Art America account, where he offers prints and printed products bearing his images for sale, at https://alexander-kunz.pixels.com/featured/pacific-crest-transition-alexander-kunz.html; as seen in Exhibit A, attached.

12.     Kunz includes on the FAA page a statement noting that the work is not free to use. *Id*.

13.     In 2023, Kunz re-published the Photo on his website at https://www.alex-kunz.com/january-2023-end-notes/pacific-crest-transition/; see *id*. at p.2.

14.     Both in the 2013 use on Kunz' website and later on the 2023 use (current) there was and is a clear watermark on the Photo, identifying Kunz as the author/owner of the copyright in and to the Photo. *Id*.

15.     Under "Licensing" on both the 2013 and the 2023 Kunz' website uses, just below the Photo, Kunz includes his proper copyright notice, *i.e.*, "Photo © 2013 Alexander S. Kunz." *Id.*

16.     Kunz also publishes a link in to a page with information for licensing his work, "photo licensing information page" which links to https://www.alex-kunz.com/about/photo-licensing-information/. *Id.*

17.     That Licensing Information page includes, in part, "All photographs, videos and audio recordings on this site are copyrighted © Alexander S. Kunz, unless otherwise noted. All rights are reserved. Any usage outside of this site requires written permission or a valid license, obtained prior to usage of the work." He also notes that he tracks his works for infringements and outlines the steps he will take to protect his rights. *See* https://www.alex-kunz.com/about/photo-licensing-information/.

18.     Kunz' website attributes as described in Paragraphs 13-17 above have been unchanged for approximately three years; prior to that, the attributes and information provided were essentially the same.

19.     Kunz registered the Photo with the U.S. Copyright Office, including it with others in the deposit copies for this registration and receiving Certificate of Registration number VA2-205-042 with an effective date of April 23, 2020; a true copy of which is shown in Exhibit B, attached.

20.     Kunz specifically provided the title for this work, *Garnet-Peak-4541-color*, and its first publication date (January, 2013) to the U.S. Copyright Office which then included that information on the certificate, as highlighted in purple in Exhibit B, p.1.

21.     Kunz has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq.*, as amended, and all other laws and regulations governing copyrights with respect to the Photo.

22.     Kunz has never granted a commercial license for any rights in and to

the Photo; however, in 2015, the US Forest Service was granted the rights to reproduce the Photo, with Kunz' watermark, which it did in 2016 on its Facebook page at https://www.facebook.com/clevelandnf/photos/a.718043531577284/95077 8838303751/; as seen in Exhibit C, attached.

23.     On or about September 12, 2024, Kunz discovered that MTI had reproduced and displayed the Photo on MTI's website at https://mcguireteam.com/community-guide/san-juan-capistrano/, as seen in Exhibit D, attached.

24.     Upon further investigation, Kunz discovered that the Photo appeared on the MTI server at https://mcguireteam.com/wp-content/uploads/slider45/ClevelandNationalForest4.webp; as seen in Exhibit D.

25.     Defendants are an experienced and successful real estate business and its owner/operator; they use photography extensively to promote the sale of individual properties as well as to promote MTI itself.

26.     Defendant MTI uses photography on its own website and also claims copyright ownership of that site and its materials, as seen in Exhibit E, attached.

27.     Kunz first discovered the Defendants' reproduction, display, and distribution of the Photo on or about July 7, 2024; thus, his claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

28.     Kunz did not license or otherwise authorize Defendants to reproduce, display, crop, or in any other manner use his Photo.

29.     Kunz' licenses for online commercial use like this would be no less than approximately $250 and potentially much higher depending on the extent of the usage licensed.

30.    On September 16, 2024, Kunz, through counsel, emailed Defendants a cease-and-desist letter with an offer to settle to addresses posted on MTI's website: info@mcguireteam.com and kierra@mcguireteam.com.

31.    On September 20, 2024, counsel checked the URLs at issue and found that the front-facing use had ceased, but that the server use continued; she emailed Defendants to note they must have received the first email and that they still needed to remove the server use and respond to the offer.

32.    On September 25, 2024, counsel emailed again regarding the continued server URL use and the offer.

33.    On September 27, 2024 counsel emailed again, noting the work had been removed and again asking Defendants to address the offer.

34.    On October 4, 2024 Counsel sent another, similar email and, receiving no response, then sent a print letter with delivery confirmation to Defendants; delivery was confirmed by the USPS on October 17, 2024.

35.    On October 23, 2024, counsel emailed again and, finally, received a response from Kierra Wright where she simply said they were preparing a response.

36.    No such response was ever received.

37.    Counsel continued to reach out to Defendants via email and by phone, repeatedly, leaving voicemails and messages with their receptionist; these contacts being made approximately weekly; yet, no response was ever received.

38.    On January 23, 2025, while drafting an earlier version of this Complaint, counsel discovered that Defendants had in fact *not* removed all the uses of the Photo as demanded; it now appeared at https://tools.mcguireteam.com/san-juan-capistrano and https://images.squarespace-

cdn.com/content/v1/611ecc969ca597196f41bf33/1689185200665-J5YC2VPY2OB1BNQZ44JE/Cleveland%2BNational%2BForest4.jpg?format=1000w, as seen in Exhibit E, attached.

39.    On January 30, 2025, Kunz' counsel forwarded a draft copy of an earlier version complaint with an email stating that if a productive response to his original offer was not received by 5p.m. Pacific Time, February 14, 2025, the complaint would be filed at Kunz' convenience.

40.    On that same date, counsel mailed a print copy of the draft complaint to the address in Paragraph 6, above.

41.    Plaintiff received no counteroffer or other communication prior to close of his offer.

42.    Plaintiff intended to file at that time; however due to the government shutdown he delayed filing and, when the government re-opened, filing was delayed for personal reasons.

43.    On May 26, 2026, a revised copy of this complaint was sent to Defendants via email and USPS Priority Mail with delivery confirmed on May 28, 2026.

44.    Plaintiff again stated that he would be willing to negotiate a settlement if Defendants responded productively prior to 5p.m. Pacific Time, June 12, 2026; otherwise he would then file this complaint.

45.    Again, no response was received prior to the filing of this complaint.

## FIRST CAUSE OF ACTION
### (Copyright Infringement by MTI)

46.    Kunz re-alleges and incorporates by reference Paragraphs 1 through 45 above.

47.    MTI obtained the Photo online, presumably from Plaintiff's website, then reproduced and displayed the Photo to the public on the MTI website.

48.    MTI has not compensated Kunz for its illicit reproduction and display of the Photo.

49.    MTI's conduct violates the exclusive rights belonging to Kunz as owner of the copyright for the Photo, including without limitation, Kunz' exclusive rights under 17 U.S.C. § 106.

50.    As a direct and proximate result of its wrongful conduct, MTI has realized and continues to realize profits and other benefits rightfully belonging to Kunz for the Photo. Accordingly, Kunz seeks an award of actual damages pursuant to 17 U.S.C. § 504.

51.    Since Kunz' registration preceded the infringement here, it is timely under 17 U.S.C. § 412 and therefore Kunz is entitled to and seeks statutory damages for MTI's infringement of the Photo, as well as attorney's fees and costs, under 17 U.S.C. §§ 504 and 505.

52.    Since MTI is a media-savvy company and (1) was put on notice that the work was protected by copyright, (2) ignored such notice and (3) continued the illicit display of the Photo after notice, its behavior was at least reckless as to the copyright status of the Photo or, more plausibly, it knowingly reproduced the Photo with disregard for its copyright status; therefore this infringement is legally willful and Plaintiff seeks enhanced statutory damages.

## SECOND CAUSE OF ACTION

### (Vicarious Liability of Loretta McGuire)

53.    Kunz re-alleges and incorporates by reference Paragraphs 1 through 52, above.

54.    As CEO, CFO, and Secretary of MTI, McGuire had both a legal right to stop or limit MTI's directly infringing conduct (*i.e.*, its reproduction of the Photo, etc.) and the practical ability to do so.

55.    Additionally, as sole officer of MTI McGuire gained a direct financial benefit from MTI's direct infringement via increased customer goodwill and sales derived from that goodwill, generated from the illicit commercial use of the Photo.

56.    Thus, McGuire had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from such activities; therefore, McGuire is vicariously liable, jointly and severally with MTI, for the direct infringement of Kunz copyright in the Photo.

57.    As a direct and proximate result of McGuire's vicarious infringement, Kunz has suffered injuries and damages.


## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1.    Declare that the Defendants' unauthorized conduct violates Kunz' rights under common law and the Federal Copyright Act;

2.    Order that MTI directly infringed on Kunz' copyright in and to the Photo and is liable for it;

3.    Order that MTI's infringement was legally willful;

4.    Order that Loretta McGuire is jointly and severally vicariously liable for the direct infringement of Kunz' copyright in and to the Photo;

5.    Order Defendants to account to Kunz for all gains, profits, and advantages derived by Defendants due to their infringement of Kunz' copyrights in and to the Photo; or such damages as are proper;

6. Award Kunz profits and actual damages in such amount as may be found under 17 U.S.C. § 504 (b) for Defendants' infringing the copyrights in the Photo;

7. Alternatively, award statutory damages in the amount of $25,000 for the infringement, under 17 U.S.C. § 504 (c)(1); or such other amount as may be proper under 17 U.S.C. § 504;

8. Upon a finding that Defendants willfully infringed Kunz' copyrights in the Photo, award Kunz statutory damages in the amount of $75,000, under 17 U.S.C. § 504 (c)(2); or such other amount as may be proper under 17 U.S.C. § 504;

9. Award Kunz his costs, reasonable attorney's fees, and disbursements in this action, under 17 U.S.C. § 505;

11. Enter permanent injunctions enjoining Defendants from engaging in any further acts of copyright infringement of the Photo; and,

12. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing claims.

This 22nd day of June 2026.

Respectfully submitted,

_____

Leslie Burns (CA Bar No. 276687)